# Fekete *v.* Lehigh & Wilkes-Barre Coal Co., Appellant.

*Negligence — Workmen's compensation — Accident not in the course of employment—Violating orders—Contributory negligence.*

1. Where a claimant was returning from work on a train provided by the employer and where he volunteered to assist a patcher in the discharge of his duties, and in so doing met with an accidental injury to his hand, he is not entitled to compensation.

2. Where the plaintiff was a mere volunteer, rendering service in a matter in which he was neither required nor expected to act, nor

justified by any emergency for the protection of life and property, and is injured, he cannot be considered to have been injured in the course of his employment and he is not entitled to compensation.

Argued Dec. 2, 1918. Appeal, No. 246, Oct. T., 1918, by defendant, from judgment of C. P. Schuylkill Co., May T., 1917, No. 435, on appeal, setting aside the order of the Workmen's Compensation Board of the Department of Labor and Industry in the case of Andrew Fekete v. Lehigh & Wilkes-Barre Coal Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Appeal from judgment of C. P. Schuylkill Co. setting aside order of Workmen's Compensation Board. Before BECHTEL, P. J.

From the record it appeared that the plaintiff was injured while returning from work on a train furnished by the employer.

The circumstances of the accident are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court setting aside the order of the Workmen's Compensation Board.

*Daniel W. Kaercher,* for appellant.

*Roger J. Dever,* and with him *E. E. Beidleman,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The plaintiff, an employee of the defendant, received injuries to his hand under circumstances which are not in dispute. After finishing his day's work as a coal miner, he boarded a combination freight and passenger train to go to his home under a custom in use established by the defendant for the accommodation of both the employer and the employees in transporting the latter to and from their homes. The train was equipped with a

competent crew, and was proceeding under its regular schedule. Ample provision was made for the accommodation of the plaintiff.- The train had proceeded about 200 yards after the plaintiff had entered it, when he received his injuries, under circumstances described by him as follows: I was on the car and the patcher (the proper train employee) came in with the engineer, and I went to give the patcher a hand, and got over the bumper to pull the coupling pin, but missed it on the first start and couldn't get it, and started for the second start, and was standing or steadying my feet, so that I wouldn't be thrown off, and the pin wouldn't give, and after that I don't know what happened. Q. When you got out there you undertook yourself to uncouple this car? A. Yes, sir. Q. No one told you to do it? A. No, sir, no one told me not to do it either. Q. You were not employed by any one to do the work of locy patcher? A. No, sir. From other testimony it is conceded that the work of the patcher required more or less skill, and related exclusively to the movement of the train; that the plaintiff was a mere volunteer in rendering services in a matter which he was neither required or expected to act, nor justified by any emergency for the protection of life or property. His day's work had been finished, and his relation to the train was simply that of a passenger. He attempted to do an act which the defendant company had employed another to perform, and who was at the proper place to discharge that duty. Conceding that the relation of master and servant continued while he was on the train, and was being transported according to a valid custom from his working place to his home, yet, it is apparent that his injuries were caused by his voluntary act in exposing himself needlessly to a danger not in any way related to his transportation as a passenger, independent of and foreign to the scope of his employment as a coal miner, and without the authority of the master. The testimony not being in dispute, it follows that the plaintiff was not entitled to recover, and that the report of the

Workmen's Compensation Board, as filed by the commissioners should be affirmed.

The decree of the court below setting aside the order of the Compensation Board, and reinstating the award of the referee is reversed, and the order of the Compensation Board is reinstated.