## Ferri *v.* Lenni Quarry Co. et al.

*Workmen's compensation—Findings of fact by compensation board—Review by court—Injury in course of employment—Temporary absence—Call of nature.*

A finding of fact by the referee, approved by the Workmen's Compensation Board, to the effect that a deceased workman received injuries in the course of his employment which caused his death, is conclusive on appeal to the courts.

Gallagher v. Walton Manufacturing Co., 264 Pa. 29, followed.

Argued January 5, 1920. Appeal, No. 69, Jan. T., 1920, by Insurance Carrier, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1918, No. 4801, affirming

decision of Workmen's Compensation Board which affirmed the finding and award of the referee in case of Vienna Ferri v. Lenni Quarry Company. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, affirming the award made by the referee.

The referee in awarding compensation, made, inter alia, the following findings of fact:

3. That on August 2, 1918, while in the course of his employment with the defendant, the decedent, Joseph Ferri, received injuries by accident which caused his death the following day, on August 3, 1918.

6. That the said decedent met with the injuries which caused his death by leaving the defendant's premises for the purpose of relieving himself, and for that purpose went to a place where he and other employees had for some time been in the habit of going with the knowledge of his employer.

7. That there was another place to which the decedent could have gone which was more suitable and equally accessible, and which had on some occasions been used by other employees for that purpose.

The compensation board affirmed the award and the appeal to the court of common pleas was dismissed. The insurance carrier appealed.

*Errors assigned* were dismissal of exceptions to decision of Workmen's Compensation Board's finding that decedent was injured in the course of his employment.

*William G. Wright,* with him *Robert P. F. Maxwell,* for appellant.

*William Linton,* for appellee.

PER CURIAM, February 2, 1920:

The third fact found by the referee, and approved by the compensation board, was that, on August 2, 1918, while in the course of his employment with the defendant, the husband of the claimant received injuries by accident which caused his death the following day. This is conclusive: Gallagher v. Walton Manufacturing Company, 264 Pa. 29.

Appeal dismissed and award affirmed.