liable for any loss which occurs: Eisenlohr's Est. (No. 1), 258 Pa. 431, 435.

The decree of the court below is affirmed at appellants' costs.

---

## Mizzer, Appellant, *v.* Philadelphia & Reading Coal & Iron Co.

*Workmen's compensation—Explosion in coal mine—Unlawful use of lights—Act of June 2, 1891, P. L. 196.*

A coal miner cannot recover compensation for injuries received in an explosion in a coal mine, where it appears that the explosion was caused by himself in lighting a fuse with matches in violation of Rules 9, 10 and 25 of the Mine Law of June 2, 1891, P. L. 196.

Argued February 7, 1927. Before FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 148, Jan. T., 1927, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1926, No. 256, affirming decision of Workmen's Compensation Board, affirming referee's disallowance of claim in case of Agnes Mizzer v. Philadelphia & Reading Coal & Iron Co. Affirmed.

Appeal from decision of Workmen's Compensation Board.

BECHTEL, P. J., filed the following opinion:

The claimant in this case, Mrs. Agnes Mizzer, is the dependent widow of Peter Mizzer, who died May 1, 1925, as the result of burns he sustained in a gas explosion in the Shenandoah City Colliery of the defendant company, occurring April 29, 1925.

The case turns on the cause of the explosion. There was no one with deceased at the time the explosion occurred. The referee has found as a fact that the explosion occurred as the result of the deceased's striking a match to light a fuse. The question is whether or not

there is any legal, competent evidence to sustain this finding. There can be no question, under the evidence, that the section of the mine in which the deceased worked was gaseous. Safety lamps were used in this section and no naked lights were permitted. The referee's finding as to the use of matches by the deceased is based upon the testimony of two witnesses, one of whom, Joseph Runsky, was the first man to come to Mizzer's assistance. He testified that he asked Mizzer what had happened and that Mizzer told him: "I light fuse with matches." Another witness, Peter Bubness, testified that he asked him how it happened, on the way out. "I said to him, 'lighting a shot' and he shook his head and I said, 'with a match' and he shook his head again and said 'yes.'"

The credibility of these witnesses and the weight to be attached to their evidence was clearly for the referee. He has accepted it as establishing the cause of the explosion. With that we have nothing to do.

Rule 9 of the general rules of the Mine Law, reads as follows: "In every working approaching any place where there is likely to be an accumulation of explosive gases or in any working in which danger is imminent from explosive gases, no light or fire other than a locked safety lamp shall be allowed or used."

Rule 10, inter alia, provides as follows: "No lucifer matches or any other apparatus for striking light shall be taken into said mine or parts thereof."

Rule 25, makes it an offense to "enter a place in or about a mine against caution, or carry fire, open lights or matches in places where safety lamps are used."

It will thus be seen that the deceased violated these provisions of the law. This being the case, it is well settled that the deceased had taken himself out of the employ of the defendant company at the time the accident occurred and is, therefore, not entitled to compensation.

And now, November 8, 1926, the decision of the workmen's compensation board, affirming the referee's disallowance of this petition, is hereby affirmed.

Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Roger J. Dever,* for appellant.

*John F. Whalen,* with him *George Ellis,* for appellee.

PER CURIAM, March 14, 1927:

The opinion of the learned court below sets forth all that need be said in this case, and on that opinion the judgment is affirmed at appellant's costs.

---

# Lehigh Coal & Navigation Co. *v.* Summit Hill School District et al.

*School Law—School districts—Building contract—Fraudulent contract—Allotting contract not in accord with specifications—Liquidated damage clause—Corporate surety—Workmen's compensation provision—Municipal division—Act of July 18, 1917, P. L. 1083.*

1. A contract allotted by a board of school directors to a person not the lowest bidder for the construction of a school building, will be declared void as fraudulent, where it appears that, although the specifications called for a penalty for delay beyond the time fixed for the completion of the building, and for a surety company's bond, the directors allotted the contract omitting the penalty for delay and providing for personal instead of corporate security.

2. A contract for the building of a schoolhouse which fails to comply with the Act of July 18, 1917, P. L. 1083, enjoining that the contractor for municipal construction work shall accept the provisions of the Workmen's Compensation Act, is void, whether