# Labuck *v.* Mill Creek Coal Co., Appellant.

*Workmen's compensation—Mines and mining—Violation of Anthracite Coal Act of June 2, 1891, P. L. 176—Action of miner after explosion—Findings of board—Posting rules—Authentication—Measure of proof—Appeals.*

1. The revisory powers of the appellate court in a workmen's compensation case are limited to such consideration of the record as will enable the court to ascertain whether there is evidence to support the findings of the Workmen's Compensation Board, and if, upon such findings, the law has been properly applied.

2. Where a miner's claim to compensation for injuries resulting from an explosion is resisted on the ground that he violated the Act of June 2, 1891, P. L. 176, which forbade a minor to return to a misfire until the following day, an award in his favor by the board affirmed by the common pleas, will be sustained on appeal where it appeared that the board was satisfied that the evidence did not show that the rules contained in a poster offered were the rules that were posted; nor did it show that the rules offered or posted were duly authenticated.

3. In such case the posting and authentification of the rules must be established either by direct evidence or by inference from proven circumstances, if the employer is to be relieved from liability.

4. Where, in a workmen's compensation case, defendant sets up as a defense a charge that the workman was guilty of a criminal violation of an act of assembly, the court will not hold defendant to the strict measure of proof demanded in a criminal case, yet the evidence to refute the claim of the workman should at least approximate that required in criminal cases.

Submitted December 5, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 297, Jan. T., 1927, by defendant, from judgment of C. P. Schuylkill Co., March T., 1927, No. 539, from decision of Workmen's Compensation Board, awarding compensation, in case of John Labuck v. Mill Creek Coal Co. Affirmed.

Appeal from decision of Workmen's Compensation Board, awarding compensation and reversing finding of referee.  Before KOCH, J.

The opinion of the Supreme Court states the facts.

Decision affirmed.  Defendant appealed.

*Error assigned* was judgment, quoting it.

*M. M. Burke,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 3, 1928:

Plaintiff, a duly qualified miner, with a companion, was engaged in driving a gangway.  Four holes were bored in its face, two at the bottom and two at the top. These were loaded with dynamite and charged for firing.  The fuse was lighted and the men retired to places of safety to await the explosion.  Two of the charges went off, as did the cap on a third, but one of the charges missed fire.  Plaintiff, with his companion, waited for twenty minutes, then opened the airline, blew out the smoke and entered the gangway.  One of the remaining charges then exploded, severely injuring plaintiff and killing his companion.

Plaintiff petitioned for compensation, but the referee denied it because claimant took himself out of the employ of defendant at the time the accident occurred, in that he violated the mine law by not waiting until the following day to return to the misfire.  On appeal to the compensation board, the referee's finding was reversed and compensation allowed.  This action was approved by the court below.

Article 12 of the Act of June 2, 1891, P. L. 176, Rule 29, reads: "When high explosives, other than gun powder, are used......[their use] shall be in accordance with special rules as furnished by the manufacturers......The......rules shall be endorsed with his or their official signature."  Rule 54 requires this and

other rules to be posted in a conspicuous place at the mines and collieries, and section 4 of article 17 makes it a misdemeanor for anyone employed about the mines to violate any of these rules.

It is appellant's contention that the rule violated was as follows: "When fuse and blast caps are used ......[the miners should] never return to the misfire until the following day." The referee's finding of fact on which his legal conclusion was based was that the "Company had posted in accordance with Rules 29 and 54 of Article 12 of the General Rules of the Anthracite Mine Laws of Pennsylvania, rules for transporting, storing, handling, thawing and using Hercules high explosives." Under these rules a miner must not return to a misfire until the following day. The compensation board, on reviewing the evidence, disapproved this finding, concluding that there was "not sufficient (testimony in) identification of the poster to sustain the referee's fourth finding of fact," just referred to. The board also found that the record did not show that the rules had been endorsed by the official signatures of the manufacturer, nor approved by the owner, operator or superintendent.

"It was not intended by the legislature that this court should be an appellate administrative tribunal to weigh the evidence submitted to the referee or the board. Our revisory powers are limited to such consideration of the record as will enable us to ascertain whether there is evidence to support the findings of the board and if, upon such findings, the law has been properly applied": Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165; Roach v. Oswald Lever Co., 274 Pa. 139, 141; Zelazny v. Seneca Coal Mining Co., 275 Pa. 397, 399; Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 465. The board was satisfied that the evidence did not show that the rules contained in the poster offered were the rules that were posted; nor did it show that the rules offered or posted were duly authenticated. Proof of both facts

is required by the act. They must be established either by direct evidence or by inference from proven circumstances if the employer wishes to succeed in his case. Whether the evidence was sufficient from which to find the fact, and whether the fact should be ultimately found, was a question for determination by the board.

The claimant was in fact charged with a crime, and, had this been a criminal prosecution, the court would have been bound to discharge him because of the failure to prove the essential requisites of the act of assembly. While it is not our intention to hold the defendant to the strict measure of proof demanded in a criminal case, the evidence to refute the claim should at least approximate that required in criminal cases.

We need not discuss such features as that the men employed about this work were under the impression that all the shots had been exploded, and that the injuries resulted from the explosion of the one in which the cap alone had been discharged, because the court below and the compensation board were amply justified in making the findings they did.

The judgment of the court below is affirmed.