## Ryan, Appellant, *v.* Press Publishing Company et al.

*Workmen's Compensation Law—Course of employment—Furtherance of employer's business.*

In a claim under the Workmen's Compensation Law the evidence disclosed that claimant was employed in loading newspapers for delivery. He was directed by the motorcycle foreman to accompany him and assist in delivering papers. While he was driving the motorcycle a collision occurred in which he was injured.

In such case claimant was rendering service of a character for which he was engaged, and within the hours of his appointed service. The conclusion that the injury occurred in the course of the employment was warranted, and an award of the Workmen's Compensation Board will be sustained.

Argued April 25, 1928. Appeal No. 1544, April T., 1928, by claimant from order of C. P., Allegheny County, No. 1646, October T., 1927, in the case of James S. Ryan v. Press Publishing Company, Defendant, and Employers' Liability Assurance Corporation, Ltd., Insurance Carrier. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from an award of the Workmen's Compensation Board. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

The court set aside the award of the Workmen's Compensation Board. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*M. A. Shapira,* and with him *Joseph I. Winslow,* for the appellant.

*Charles F. Patterson,* for the appellees.

OPINION BY HENDERSON, J., July 12, 1928:

This is a compensation case. The claimant was employed on August 16, 1926 to deliver newspapers for the Press Publishing Company, defendant. In that service a motorcycle was used, not only by the claimant, but by a considerable number of other persons similarly employed. The next day, the plaintiff made a trip in the course of which the machine broke down and was taken back for repairs. The claimant reported to the office, where he was told by McGrath, foreman

of the truck service and whom he understood to be an assistant foreman to the drivers, to work around there in general. He engaged in loading papers from the mailing room into trucks until five o'clock, when that work was completed. His time of employment lasted until six-thirty in the afternoon. He also saw Fleming, superintendent, who told him to make himself useful. After the loading of newspapers, nothing else remained for him to do there. Workmaster, motorcycle foreman, was going out on a route to deliver newspapers, and told him to go with him and help on his route. This he did and while driving the motorcycle to assist Workmaster in the delivery, a collision occurred which seriously injured the claimant. The referee found that he sustained an injury by accident in the course of his employment and that he was actually engaged in the furtherance of the employer's business. Compensation was accordingly awarded to him. On an appeal to the Compensation Board the award was affirmed. The Court of Common Pleas reversed the finding of the referee and the Board on the ground that the claimant was a volunteer in the service rendered, he not having been authorized to go with Workmaster on the trip. The case of Feketa v. Lehigh & Wilkes-Barre Coal Company, 71 Pa. Superior Ct. 231, is relied on as authority for the decision reached. Our examination of the case cited does not convince us of the correctness of the conclusion reached. Feketa had completed his day's work and was simply a passenger on the train when he was hurt. The act performed which resulted in his injury was one in no way related to his transportation as a passenger and was foreign to the scope of his employment as a coal miner. It could well be said that the service he attempted to render had no relation therefore to the character of his employment, and that it was rendered after his period of service had terminated, but in the case be-

fore us for determination the employee was working in the kind of service for which he was employed; he was working within the hours of his employment; he was driving a motorcycle of the employer. The distribution of papers was a part of the employer's business. There was evidence that Workmaster who asked him to go with him was motorcycle foreman presumably having some authority with respect to persons in like service of the company. It was also in evidence that Fleming had some sort of superintendency in connection with the claimant's engagement and that he told the latter to make himself generally useful. He was not forbidden to go out on the trip, and it might well be found that it was in promotion of the employer's business in that the claimant was on his second trip after entering on his employment and might profitably accompany Workmaster to acquire greater knowledge of the nature of the service and the most efficient method of performing it. We think it cannot be said that the claimant had virtually abandoned the course of employment or that he was engaged in something wholly foreign to it, nor was he performing a service forbidden to him: Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335. On the contrary the referee and the Compensation Board would have been justified in concluding from the evidence that the employee was diligent in business and desirous of rendering a fair return for his compensation. There was evidence that at times inexperienced persons were sent out with one having experience in the motorcycle service and this appears to be what occurred in this case although it does not expressly appear that Workmaster asked the claimant to go for that reason. Compensation is due if the injury occurred in the course of the employment, and as the claimant was rendering service of the character for which he was engaged and within the hours of his appointed service, we are of

the opinion that the evidence and the reasonable inference deducible therefrom is sufficient to support the finding of the Compensation Board.

The judgment is therefore reversed and the award of the Compensation Board is reinstated.