## Krischunas v. Philadelphia & Reading Coal and Iron Co.

*Roger Dever*, for plaintiff; *John F. Whalen* and *George Ellis*, for defendant.

HOUCK, J., July 23, 1928.—The claimant in this case is the dependent widow of Peter Krischunas, who died Oct. 4, 1927, as a result of burns sustained in a gas explosion in the Gilberton colliery of the defendant company occurring

Sept. 19, 1927. The referee awarded compensation, which award was affirmed by the Compensation Board, hence the appeal to this court. The case hinges entirely on the cause of the explosion. The defendant contends that the explosion was caused by the decedent in an act constituting violation of law.

The decedent and a fellow-employee, Frank Baranick, were employed as miners. Early in the morning of Sept. 19, 1927, the fire boss inspected the working place and found no gas present. Baranick also tested the place for gas with a safety-lamp and found none. The section was gaseous and no open lights were allowed in it. The two men went into the working place equipped with proper lights and the gas exploded. According to the testimony of Baranick, neither of the two men had an open light and neither of them was smoking. After the explosion, an investigation was made and a box of unburned matches was found close to the place where the explosion occurred. No matches which had been burned were found. A package of cigarettes was found about eighty feet from the point of the explosion. A cap, with the top of a battery lamp on it, was also found. It was not established who owned the matches, cigarettes or cap. Neither was the cause of the explosion established. Baranick testified that the matches were not his, and, from this fact, the defendant seeks to have the inference drawn that the matches necessarily belonged to the decedent. However, other men were in the place on the morning of the explosion, and just how many men may have been there or passed through is not known.

The defendant contends that the decedent violated Rules 9, 10 and 25 of the Anthracite Mine Law of June 2, 1891, P. L. 176. The pertinent portions of these rules are as follows: "Rule 9. In every working approaching any place where there is likely to be an accumulation of explosive gases, or in any working in which danger is imminent from explosive gases, no light or fire other than a locked safety - lamp shall be allowed or used. Rule 10. No. lucifer matches or any other apparatus for striking a light shall be taken into said mine or parts thereof." Rule 25 makes it an offense to "enter a place in or about a mine against caution, or carry fire, open lights or matches in places where safety-lamps are used." Article 17, section 4, of the law of 1891 makes offenses under the act misdemeanors. Consequently, if the decedent violated any of these rules, his dependents would not be entitled to compensation: Mizzer v. Phila. & Reading Coal and Iron Co., 289 Pa. 73. The question to be determined is whether the defendant established the fact that the decedent violated any of these rules.

As we have already said, the cause of the explosion was not established by direct evidence. One of the defendant's witnesses testified that he did not know what caused the explosion. Therefore, in order to defeat the right to compensation, it must be inferred from the circumstances that the matches found belonged to the decedent and that he took them into the working place which was a gaseous section where no open lights or matches were allowed. The drawing of this inference was for the compensation authorities and not for the court: Labuck v. Mill Creek Coal Co., 292 Pa. 284. "They [the requisite facts] must be established either by direct evidence or by inference from proven circumstances if the employer wishes to succeed in his case. Whether the evidence was sufficient from which to find the fact, and whether the fact should be ultimately found, was a question for determination by the board:" Id. The Supreme Court also points out that while it is not its intention to hold the defendant in compensation cases to the strict measure of proof demanded in a criminal case, the evidence to refute the claim should at least approximate that required in criminal cases. It was a question for the referee and the board to determine whether the evidence in this case warranted the inference

on which the defendant necessarily relies. All of the referee's findings of fact which were affirmed by the Compensation Board are supported by competent proof, and we find no error in the award.

The defendant's exceptions are dismissed, the award is affirmed and judgment is entered for the claimant in the sum of $5755.

And now, July 23, 1928, an exception is allowed the defendant and bill is sealed.

From M. M. Burke, Shenandoah, Pa.