## Krischunas *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

Argued February 11, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*George Ellis,* with him *B. D. Troutman* and *John F. Whalen,* for appellant.—Appellant contends that the lower court erred in finding that other men were in the place on the morning of the explosion.

The preponderance of the evidence in this case is sufficient to prove that the claimant's decedent violated the Anthracite Mine Law, and the defendant is not required by law to prove this beyond a reasonable doubt: Floyd v. Paulton Coal Mining Co., 94 Pa. Superior Ct. 1; Walcofski v. Coal Co., 278 Pa. 84; Mizzer v. C. & I. Co., 289 Pa. 73.

*Roger J. Dever,* for appellee.—The revisory power of the courts in compensation cases is limited to such consideration of the record as will enable the court to determine if the findings are based on proper evidence, and if on such evidence the law has been properly applied: Kuca v. Coal Co., 286 Pa. 163, 165; Roach v. Lever Co., 274 Pa. 139, 141; Zelazny v. Seneca Coal Co., 275 Pa. 397, 399; Watkins v. Coal Co., 278 Pa. 463, 465; Labuck v. Coal Co., 292 Pa. 284, 286.

213

The evidence to a claim for compensation (where it is set up as a defense that the employee, when injured, was in the act of committing a crime which resul' .. in the injury) must approximate that required in criminal cases: Labuck v. Coal Co., 292 Pa. 284, 287.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 18, 1929:

This is an appeal in a workman's compensation case, by defendant from a judgment affirming an award to Katie Krischunas, the claimant, whose husband, Peter Krischunas, died as the result of injuries suffered during the course of his employment with defendant company.

Peter Krischunas was employed by appellant as a miner in its colliery. On the morning of September 19, 1927, while he and a fellow-worker, Frank Baranick, were engaged in "driving up a chute" in a heading, a explosion of mine gas occurred, and both men were severely burned. Krischunas died on October 4, '27.

Defendant contends that Krischunas's viola' .n of the Anthracite Mine Laws caused the explo ' .i resulting in his injury, and, therefore, it must be held that, at the time this happened, deceased had taken himself out of the course of his employment (Walcofski v. L< ig'1 \ alley Coal Co., 278 Pa. 84, 87) and claimant can..ov recover: Pokis v. Buck Run Coal Co., 286 Pa. 52; Mizzer v. Phila. & Reading Coal & Iron Co., 289 Pa. 73, 74.

The pertinent sections of the mine law which defendant says were violated are rules 9, 10 and 25, stated in the Act of 1891, P. L. 176, 196, 198, which provide, inter alia, "In every working approaching any place where there is likely to be an accumulation of explosive gases, or in any working in which danger is imminent from explosive gases, no light or fire other than a locked safety lamp shall be allowed or used,...... No lucifer matches or any other apparatus for striking light shall be taken into said mine or parts thereof...... Any person or

persons who shall knowingly or wilfully......enter a place in or about a mine against caution, or carry fire, open lights or matches in places where safety lamps are used,......or do any other act or thing whereby the lives or health of persons or the security of the property in or about a mine or colliery are endangered, shall be guilty of an offense against this act."

Claimant argues there was no proof sufficient to establish a violation by her husband of the mine laws; and, therefore, that defendant's contention in this regard was properly overruled.

While presenting no direct proof on the point in hand, the employer showed that a tin of matches, a package of cigarettes and a miner's cap, with part of an electric work lamp attached to it, were found subsequent to the accident, in the part of the mine where it happened; all were in the general vicinity, although the matches were at one place and the cigarettes and miner's lamp at another, some 80 feet away. Defendant sought to have the inferences drawn that these articles belonged to deceased, and that the explosion which killed Krischunas could have happened in no way other than by his committing the offense, under the mine law, of striking a match.

Baranick, the fellow-worker of deceased, testified that neither he nor Krischunas had an open light or were smoking; this witness said he knew nothing about the matches and cigarettes which were found, that he did not set off the gas, and did not know what caused the explosion.

Thomas, the mine foreman (a witness for defendant), who, with the mine superintendent and the fire boss, made an investigation of the explosion an hour after it happened, testified that they found the box of matches at the place where the two men had been injured, that they discovered the package of cigarettes about 80 feet away, and, near it, the miner's cap with the top of a lamp attached. When asked, "How many men went up

there the day of this explosion?" Thomas answered, "Five; I know three of us went up, [the others being] the two fellows that got burned."

Burstitus, the fire boss (also a witness for defendant) substantiated all that Thomas had testified concerning the investigation. Both of these men said that neither the lamp on the miner's cap nor a safety lamp, which latter was burning about 70 feet from the scene, could have caused the explosion; they further said that no burnt matches were found, and that, taking everything into consideration, they did not know how the accident could have happened or what caused it. This fire boss, who was careful to see that no open lights or matches were carried into the mine, had, earlier that day, inspected the place where the explosion occurred, and, finding evidence of mine gas, had made a proper mark there to warn the workers; Baranick said he had seen this mark.

In Mizzer v. Phila. & Read. Coal & Iron Co., 289 Pa. 73, 74, where claimant's husband died as the result of a gas explosion, caused by his striking a match in a gaseous mine, and where, as here, compensation was resisted because the deceased was alleged to have violated rules 9, 10 and 25 of the mine law, the referee found against claimant, and, in affirming, we adopted the language of Judge BECHTEL, to this effect: "The credibility of these witnesses and the weight to be attached to their evidence was clearly for the referee [and] he has established the cause of the explosion."

We have many times said that findings of the compensation authorities, supported by competent proof, and the inferences to be drawn therefrom, are as conclusive on the courts as the verdict of a jury (Johnston v. Payne-Yost C. Co., 292 Pa. 509, 512; see also Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 206), and we may now add that, where the compensation authorities fail to make inferential findings contended for by either side, unless such findings are inevitable from the proofs presented, the courts will not interfere.

The evidence depended on by defendant to establish the fact that the matches, cigarettes and mine cap belonged to Krischunas, and that the latter used any one of them in a manner to cause the explosion, does not go so far as to preclude the possibility that these articles were the possessions of others in the mine. The proofs simply established that, to the best of their knowledge, the three men (Baranick, Thomas and Burstitus), who testified, knew of no one except themselves, the deceased and the mine superintendent, being, on this day, at the place where the matches were found. There is nothing to show how long the matches had been there, that the superintendent, who discovered them, did not himself drop them there, or that they were not dropped by some unknown person. As to the cigarettes, found some 80 feet from the matches, there is no proof that they could not have been left there by some one other than deceased. As a matter of fact, there was evidence that other men working in the mine were near enough to the scene of the explosion to come quickly to the aid of those injured, and the mine foreman, defendant's witness, when asked the question, "There might have been somebody else up [the chute where these cigarettes were found] that you don't know anything about?" answered, "Yes, sir." Further, it is to be noted that Thomas, who testified that no one visited the scene except the five persons before mentioned, did not, himself, reach the scene until an hour after the explosion; while, during this period, it is known that other men working in the mine had approached within at least seventy feet of the scene. The proofs contain nothing to show that these miners who had come to aid Baranick and his companion were not, during this hour, in the neighborhood of the explosion and at the places where the objects were found. Moreover, it is to be noted that no burned matches or cigarettes were found anywhere.

In view of the testimony as a whole, we cannot say, as a matter of law, that the compensation authorities were

not justified in rejecting defendant's theory that the objects under discussion, or some of them, belonged to Krischunas, and that he must have so used them as to cause the explosion which killed him. The proofs and the inferences to be drawn therefrom were for the compensation authorities (Labuck v. Mill Creek Coal Co., 292 Pa. 284, 287) ; their failure to find that Krischunas had violated the mine laws and their finding that the explosion was accidental will not be disturbed.

The judgment of the court below is affirmed.