## Vuyovich v. Philadelphia & Reading Coal and Iron Company.

Roger Dever, for plaintiff.

John F. Whalen, George Ellis and B. F. Troutman, for defendant.

HOUCK, J., March 18, 1929.—The claimant in this compensation case was injured while at work at the defendant's Beechwood Colliery on Nov. 23, 1927. His claim was resisted on the grounds that he was not injured while in the course of his employment and that the relation of employer and employee did not exist between him and the defendant company at the time of the accident. Nick Plemenatz was injured in the same accident, and both of the claims, apparently, were heard together. There is considerable testimony in the record bearing upon an alleged violation of the Anthracite Mine Law. However, this defense was not pressed in the case now under consideration and the argument was directed to the sole question whether or not the claimant was an employee of the defendant company at the time of the accident. This, therefore, is the only question now before us.

Nick Plemenatz was a miner in the employ of the defendant company at its Beechwood Colliery for some time prior to Nov. 23, 1927. He had a laborer named Bubovilky. These two men worked together on the Thursday or Friday prior to the date of the accident, and Bubovilky then quit. Plemenatz looked around for another laborer and finally located the claimant. He hired the claimant and the men went to work together on the afternoon of Nov. 23, 1927, their shift commencing at 2.30. When they arrived at the colliery, Plemenatz took the claimant into the office to report the fact that he had hired him. The only man in the office was Dick Cassins, a fire-boss in the drift. Cassins had nothing to do directly with the men employed in the part of the mine where Plemenatz worked. However, Plemenatz told Cassins that the claimant was his new laborer and Cassins wrote the claimant's name on the board and gave the claimant a check which authorized him to enter the mine in the cage. When the two men reached the bottom of the shaft they found that the fire-boss had gone up. According to the rules, Plemenatz should have seen the fire-boss before entering his working place and should have notified the fire-boss that he had hired a new laborer. There is evidence to show that the fire-boss had examined the working place, had brushed some gas from it, and that it was in proper condition for the men to enter. There is also evidence to show that Plemenatz, finding that the fire-boss had left, told the loader-boss that the claimant was his new laborer; that all the fire-boss would have done, when notified that Plemenatz had hired the claimant, would have been to write the claimant's name in his book; and that Plemenatz's action in hiring the claimant as a laborer was perfectly proper. The claimant followed his miner into the working place and started to work.

Within a short time there was an explosion of gas and both men were injured. The referee found that the claimant was in the employ of the defendant company at the time of the accident and awarded him compensation. The appeal raises the question whether this finding of fact is supported by competent proof.

If the referee's findings of fact relative to the status existing between the claimant and the defendant company is supported by competent evidence, it is conclusive: Gailey *v.* State Workmen's Ins. Fund, 286 Pa. 311. We have already indicated that there is competent proof to sustain the referee's finding that the claimant was in the employ of the defendant at the time of the accident. On these underlying facts, the referee was fully warranted in concluding that the status existing between the parties was that of employer and employee. Section 202 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, provides, *inter alia:* "The employer shall be liable for the negligence of all employees while acting within the scope of their employment, including engineers, chauffeurs, miners, mine-foremen, fire-bosses; . . . and such employees shall be the agents and representatives of their employers, and their employers shall be responsible for the acts and neglects of such employees, as in the case of other agents and employees of their employers." Section 203 provides that an employer who permits the entry upon premises occupied by him of a laborer or an assistant hired by an employee for the performance of a part of the employer's regular business entrusted to such employee shall be liable to such laborer or assistant in the same manner as to his own employee. The manner in which the employer may escape such liability is provided for in section 302 *(b)*. There is no contention in this case that section 302 *(b)* is applicable. The employer, acting through its agent, Cassins, permitted the claimant, who had been hired by the miner, to enter the premises for the performance of a part of the employer's regular business entrusted to the miner. Under the plain terms of the act, the claimant is entitled to compensation. The defendant cannot say that Cassins had no authority to permit the claimant to enter the premises. He was the only representative of the defendant company in the office, and, acting as the defendant's agent, he wrote the claimant's name on the board and gave the claimant a check authorizing him to enter the mine. There is competent evidence to show that Plemenatz hired the claimant and that the claimant was permitted by the defendant to enter the premises. Hence, the claimant is entitled to compensation.

The award can also be sustained on the ground that there is competent evidence to show that the claimant was an employee of the defendant at the time of the accident. The inference is warranted that when Cassins, who was in charge of the office as the defendant's agent, wrote the claimant's name on the board and gave him a check authorizing him to enter the mine, the claimant became an employee of the defendant company. In any view of the case, the award of compensation must be affirmed. The referee's findings of fact are all supported by competent proof and the law has been properly applied. Beyond that we are not to inquire: Labuck *v.* Mill Creek Coal Co., 292 Pa. 284; Johnston *v.* Payne-Yost Construction Co., 292 Pa. 509.

.The defendant's exceptions are dismissed, the award is affirmed, and judgment is entered for the claimant in the sum of $175.36, covering hospital services and compensation to Feb. 29, 1928, compensation payments to continue to the claimant at the rate of $12 per week from Feb. 29, 1928, until such time as there is a change in the claimant's disability, it entirely ceases or he will have been paid the maximum amount of compensation for his disability.

From M. M. Burke, Shenandoah, Pa.