Macenka, Appellant, v. Lehigh C. & Nav. Co.

Argued December 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Roger J. Dever,* for appellant.

*F. S. Riordan,* and with him *Geo. M. Roads,* for appellee.

OPINION BY LINN, J., March 5, 1932:

Claimant's husband was suffocated by "mine gas." The compensation authorities and the learned court below agreed in refusing compensation on the ground that he had taken himself out of the course of his employment by entering a prohibited area. On the facts found by the compensation board, we must affirm the order.

Gas was found July 8 in the chute in which decedent had been working, whereupon further mining was ordered suspended. In the words of the finding: "The day following, or July 9, 1930, the decedent and three other men were put to work constructing a ventilator system so as to drive the gas from this and another chute. The day following the abandonment of the work in this chute three planks were placed diagonally across the mouth of the chute. These planks were different lengths and from eight to ten inches wide, and had the word "Gas" written in white chalk the height of the plank widths; that its letters were eight and ten inches high; and in order to enter this chute it was necessary for one doing so to climb over these planks.

" '(3) On the morning of July 22, 1930, the claimant's deceased husband went up into this chute. His dead body was about ninety-five feet up from the

gangway some time before 7:55 A. M. His death was due to "mine gas" poisoning.' "

This court is bound by the findings. We note, also, that there is evidence that on July 22, before decedent entered the chute, an inspector examined for gas and, finding it, renewed the warning against entering the chute. After mining was suspended in the portion of the mine affected, decedent and three others were directed (and since July 9 had been so engaged) to arrange an air pipe and fan in the gangway from which the chute opened. Claimant contends that decedent may have entered the chute in connection with the work of restoring ventilation, but the following evidence is against that. A witness testified: Q. Did you see him the morning he lost his life? A. Yes, sir. Q. Did you have any conversation with him that morning? A. Yes, sir. He was sitting under the chute spout. Q. What chute? A. Number one. Q. What did you say? A. He said, 'I am going to get second lagging up.' I said, 'how are you going to work up there, because there is gas up there?' and he said, 'there is no gas up there,' and I said to him 'watch yourself.' Q. Did you tell him gas was up in that chute before he went up? A. We were talking. Q. Did you tell him that? A. I said, 'you can't work up in there because gas is there,' and he said, 'no gas down below.' "

Putting up lagging is not restoring ventilation but part of the mining in the chute. Accepting the findings of fact, it is clear that decedent violated the Anthracite Mine Act, 1891, P. L. 176, which contains the following applicable provisions in Article 12, P. L. 195-198: "Rule 5, P. L. 195: 'In mines generating explosive gases ...... a workman shall not enter the mine or his working place until the said mine or part thereof and working place are reported to be safe.' Rule 25, P. L. 198: 'Any person or persons who shall

knowingly or wilfully ...... enter a place in or about a mine against caution ...... shall be guilty of an offense against this act.' Rule 58, P. L. 202: 'Every person who fails to comply with any of the foregoing rules or any of the provisions of this article, shall be guilty of an offense against this act.' Article 17, Section 4, under the head of penalties, P. L. 206, provides: 'All offenses under this act are declared to be misdemeanors.' "

We cannot sustain the appeal; decedent's violation of the law prevents recovery; Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480; Walcofski v. Lehigh Val. Coal Co., 278 Pa. 84; Dickey v. P. & L. E. R. R. Co., 297 Pa. 172; Kubes v. Hillman Coal & Coke Co., 96 Pa. Superior Ct. 340; Welsch v. Pittsburgh T. Coal Co., 303 Pa. 405.

Order affirmed.

This opinion was written by Judge LINN prior to his appointment to the Supreme Court, and has been adopted as the opinion of this court. F. M. TREXLER, P. J.