## Berger v. Tinicum Township

*Guy W. Davis,* for claimant.

*Harry J. Makiver* and *Louis Wagner,* for defendant.

BROOMALL, J., December 1, 1933.—The transcript accompanying the record shows testimony of the claimant to the effect that he was a member of the Essington Volunteer Fire Company on July 15, 1932. While he was in Scott's garage next door to the fire house, on his own business unconnected with his membership in the fire company, gasoline being used by Scott's son suddenly ignited, endangering Scott's automobile and garage. In the emergency, claimant called others and assisted in removing the burning automobile from the building and in getting a fire extinguisher from the fire house. While so engaged, he was burned. The whole incident was over in a short time. Claimant did not go to the fire house before he assisted in the efforts to extinguish the fire. There was no alarm, nor was the company assembled.

There was evidence to sustain the referee and compensation board's finding of fact: "That at the time of the accident and his injury, the claimant was acting in the capacity of a volunteer fireman of the Volunteer Fire Company of Tinicum Township, of which he was a member."

Upon the reported evidence this finding of fact must be sustained: Krischunas v. Philadelphia & Reading Coal & Iron Co., 296 Pa. 216. The serious attack is made upon the conclusion of law, that claimant sustained the accident while acting as a member of the volunteer fire company, causing his disability within the meaning of the Workmen's Compensation Act and entitling him to compensation. The argument of counsel for defendant is based upon the assumed necessity of a finding that claimant was an employe in the sense of the workmen intended to be protected by the original act. This argument misconstrues the intent and meaning of the Act of May 14, 1925, P. L. 714. The brief of counsel for claimant states concisely and convincingly the proper interpretation.

"The Act of May 14, 1925, P. L. 714, does not purport to vary the definition of 'employe' as defined in section 104; but unequivocally states that in addition to those previously defined as employes, 'all members of the volunteer fire companies of the various cities, boroughs, incorporated towns, and townships . . . are hereby declared to be "employees" of such cities, boroughs, incorporated towns, townships for all the purposes of the said act'. The act then goes on to provide when such class of employes shall be entitled to receive compensation, i. e., 'in case of injuries received while actually engaged as firemen or while going to or returning from any fire which the fire companies of which they are members shall have attended.' As to persons other than volunteer firemen, in order to ascertain whether they are employes, we must see whether they satisfy all the requirements of section 104, and to determine whether they are entitled to compensation we must see if they were injured in the course of their employment, etc. But as to a member of a volunteer fire company, the Act of 1925 makes him, by virtue of his membership in his company, an employe of the township wherein his company is located. However, the volunteer fireman is limited in his right to receive compensation, by the act which makes him an employe of the township, to two classes of injuries: The first, where he is 'actually engaged as fireman' and the second, where he is going to or returning from a fire which his company has attended. That the definition of volunteer firemen as employes is an added class, apart from the definition of employes in the Workmen's Compensation Act, was decided by the Workmen's Compensation Board in Craver v. Borough of Somerset, 12 Dept. Reports 1299. . . . In that case compensation was granted to a member of the volunteer fire company of Somerset. Defendant there argued that the 1925 supplement merely enlarged the class of employes previously defined in the Workmen's Compensation Law without adding a new class. The board, however, held at pages 1300-1301—

" 'The supplement, by its very terms, adds a new class of employees to section 104. "All members of volunteer fire companies of the various cities, boroughs, incorporated towns and townships" are the words of the act. A volunteer fireman is one who receives no wage; the meaning of the act is unmistakable. We are here dealing with a statutory definition of the term used, and by that definition a volunteer fireman is an employee.'

"Defendant complains that the referee did not make a finding that claimant was injured in the course of the defendant's employ, as he would in other cases. It is obvious from the act that in the case of a claim under the 1925 supplement the referee must find, not as in other cases, but under the terms of the act, . . . that claimant was a member of a volunteer fire company at the time of his

injury and that his injuries were received in one of the two situations set out in the supplement. In the case at bar, the referee has made a specific finding that Jacob Berger, claimant, was a member of a volunteer fire company on the day of his injury and that his injury was received while 'actually engaged as a fireman'."

And now, to wit, December 1, 1933, the appeal of defendants is dismissed, and the award of the referee, sustained by the board, is affirmed, judgment to be entered for the total amount awarded.

From William R. Toal, Media, Pa.