Haywood v. Henrietta Coal Co. et al.,
Appellants.

Argued April 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harold Boulton,* of *Boulton & Boulton,* with him *Rawle & Henderson,* for appellants.

*Carl A. Belin,* for appellee.

OPINION BY RHODES, J., July 18, 1935:

The claimant, William Alfred Haywood, a young man eighteen years of age, employed by the defendant as a miner, lost his left eye as the result of an accident which occurred in defendant's mine on September 24, 1932.

Haywood was drilling a hole preparatory to blasting in the back heading of Henrietta Mine No. 6, located in Clearfield County, Pa. Another miner, Andrew Benovic, forty-nine years of age, and his son were preparing a hole in the main heading some 60 feet away. These headings were parallel to each other and connected by a "shoe fly" or crosscut passageway. The back heading was used, inter alia, to supply a current of air through the main heading, so that the working of these headings was, to a certain extent, mutually dependent. The claimant, Haywood, asked Benovic if the latter would help him in blasting a particularly hard piece of rock. Benovic, who had 25 years' experience around explosives, replied that he would assist the claimant, whereupon the latter agreed in return to help him.

The claimant then left his working and went over into Benovic's heading, where the latter's son had just finished drilling the hole which Benovic was about to fire. Benovic's son had gone back to bring up empty cars. The shot was fired with a short fuse, not long enough to reach from the charge to the mouth of the hole, which necessitated that it be lit and pushed into the hole before the tamping materials were inserted. The tamping was by means of dummies, which were paper cylinders filled with dirt, coal or other suitable material, inserted back of the shot to seal the hole. The claimant brought up several of these dummies or tamping charges, and, as he approached, Benovic lit the fuse and rammed the powder and fuse into the hole. Benovic removed his tamping rod from the hole, and

signaled the claimant to insert a dummy, and as the claimant was doing this the charge prematurely exploded, causing the injuries to claimant heretofore described.

The referee disallowed compensation, holding that the claimant had taken himself out of the course of his employment by leaving his work to assist another miner. The compensation board remitted the case to the referee for further findings. Although the referee held two additional hearings, he apparently disregarded the board's instructions and published the same report; whereupon, the board substituted its own findings of fact and conclusions of law for those of the referee, holding that the claimant was entitled to compensation. The court of common pleas affirmed the board and entered judgment. Defendant appealed.

On this appeal we are limited to such consideration of the record as will enable us to ascertain whether there is sufficient competent evidence to support the findings of the board, and if, upon such findings, the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 A. 731; Labuck v. Mill Creek Coal Co., 292 Pa. 284, 141 A. 35.

Appellants contend that the claimant is not entitled to compensation for his injuries for two distinct reasons: (1) that he abandoned his employment by leaving his working place to assist Benovic, and was not, therefore, in the course of his employment at the time he was injured; (2) that his injuries were received in the commission of an act which was in violation of law, to wit, Special Rule 1, Article 25, Act of June 9, 1911, P. L. 756, 822, 52 PS §1251, which provides, inter alia: "The miner shall remain during working hours in the working place assigned to him by the mine foreman or the assistant mine foreman, and he shall not leave his working place for another working place without the permission of the mine foreman, assistant mine fore-

man, or fire boss, and he shall not wander about the hauling roads or enter abandoned or idle workings," and General Rule 25, Article 25, Act of June 9, 1911, P. L. 756, 829, as amended by the Act of April 30, 1929, P. L. 880, §1, 52 PS §1305, which states: "In all gaseous and in all dry or dusty mines, shot firers or other persons charging holes for blasting shall use incombustible material for tamping. All holes in any mine before being fired shall be solidly tamped the full length of the hole: Provided, however, That with the consent of the mine inspector, 'cushion' or 'air' blasting shall be permitted. Any person who violates this rule shall be deemed guilty of a misdemeanor."

Injuries received while away from the actual place of employment, where the deviation or departure is wholly foreign to the employee's duties and amounts to an abandonment of the employment, are not compensable; nor are injuries received in the commission of an act, which is in direct violation of the law, compensable: Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 484, 139 A. 192.

1. The first question for our determination is whether the claimant's act in leaving his own working place to assist Benovic constituted an abandonment of his employment. We think that it did not. Our Workmen's Compensation Act, Section 301, Article 3, Act of June 2, 1915, P. L. 736, 77 PS §411, provides: "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition

of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

In the case of Callihan v. Montgomery, 272 Pa. 56, 63, 115 A. 889, it was held that this provision is "broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto." When injured, the claimant in the case at bar was on the premises of his employer during regular working hours, and engaged in the furtherance of the business of his employer by doing the same kind of work he was hired to do. The fact that he left the particular place at which he was working and walked 60 feet distant to assist another miner, during a short interval, in return for the latter's helping him, cannot properly be held an activity wholly foreign to his employment, or an abandonment of his employment. An employee may be doing something other than the exact work assigned to him, and he may not be strictly at his assigned work either as to time or place; yet the continuity of the employment is not broken unless such activity is wholly foreign to his employment or constitutes an abandonment thereof. See Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; McAdams v. Pearson & Ludascher, 92 Pa. Superior Ct. 152; Ryan v. Press Pub.

Co., 93 Pa. Superior Ct. 468; Tomlinson v. Clarion River Power Co., 96 Pa. Superior Ct. 318; Adams v. Colonial Colliery Co., 104 Pa. Superior Ct. 187, 158 A. 183; Moody v. Susquehanna Collieries Co., 107 Pa. Superior Ct. 134, 163 A. 332; Dzikowska v. Superior Steel Co., 259 Pa. 578, 103 A. 351; Ferri v. Lenni Quarry Co., 266 Pa. 264, 109 A. 845; Callihan v. Montgomery, supra. See, also, Fekete v. Lehigh & Wilkes-Barre Coal Co., 71 Pa. Superior Ct. 231; James v. Susquehanna Collieries Co., 113 Pa. Superior Ct. 326, 173 A. 485; Kuca v. Lehigh Valley Coal Co., supra; Palko v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401, 137 A. 625; Shoffler v. Lehigh Valley Coal Co., supra; Hunter v. American Steel & Wire Co., 293 Pa. 103, 141 A. 635.

In the case of Granville v. Scranton Coal Co., supra, at page 340, it was held: "If the accident happens during the course of his employment, compensation is not withheld because the employee does something besides or apart from the thing which he was employed to do provided it is not wholly foreign to his employment."

We are here dealing with the question of whether the activity, which the claimant was engaged in at the time of the accident, was so foreign to and removed from his usual employment as to constitute an abandonment thereof; and not with the question of whether a violation of law took him out of the course of employment. While an activity which is in direct violation of law may, or may not, be at the same time foreign to the course of employment (Shoffler case, supra), such violations constitute a separate category and bar the employee's right to compensation: Kubes v. Hillman Coal & Coke Co., 96 Pa. Superior Ct. 340; Macenka v. Lehigh Coal & Nav. Co., 104 Pa. Superior Ct. 591, 159 A. 197; Gima v. Hudson Coal Co., 106 Pa. Superior Ct. 288, 161 A. 903; Beshenick v. Pittsburgh Terminal Coal Corp., 110 Pa. Superior Ct. 156, 167 A. 416; Walcofski

v. Lehigh Valley Coal Co., 278 Pa. 84, 122 A. 238; Pokis v. Buck Run Coal Co., 286 Pa. 52, 132 A. 795.

The board found as a fact, and we think the finding sustained by competent evidence, that it was customary in this mine for such a miner as the claimant to leave his working place temporarily to help another. We see nothing unusual in his conduct; and we are of the opinion that such conduct did not constitute an abandonment of his employment; nor was it, at the time of the accident, something wholly foreign thereto.

2. (a) Did claimant violate Special Rule 1, quoted supra? This rule, in so far as applicable to this case, requires that the miner "shall not leave his working place for another working place without the permission of the mine foreman, assistant mine foreman, or fire boss ......" The board's fifth finding of fact states, in part, as follows: "...... we find, accordingly, that it was permissible, so far as the company was concerned, that the miners help each other as far as possible, not only in pushing cars, but in other ways whenever it was reasonably necessary. In other words, it was customary for one miner to leave his working place temporarily to help another miner, and this practice was known to and approved by the company." The witness, Andrew Benovic, whom the claimant was assisting when he was injured, testified that it was customary in this mine for one miner to assist another in the manner that the claimant assisted the witness. Other witnesses testified that the miners assisted each other, such assistance including the firing of shots. John Wilson, the mine foreman and superintendent, testified he knew that the miners in his mine always helped each other. The testimony shows that the mine foreman had knowledge of, and acquiesced in, the practice of the miners in the defendant's mine in leaving their own working place temporarily to assist another miner engaged in similar employment. The claimant was

working under this mine official when he left his own working place temporarily to assist Benovic who was working in an adjacent heading. The claimant, to have violated this special rule, must have left his own working place for another working place, and his leaving must have been without the permission of the mine foreman.

The defendant does not show such violation of this rule on the part of an employee, when such employee leaves his working place temporarily to assist another miner in an adjacent heading 60 feet distant, where, by the very nature of things, their workings were to some extent mutually dependent; and when such practice of mutual assistance on the part of defendant's employees was general, and was known to its mine foreman and superintendent and acquiesced in by him.

We are of the opinion that the evidence supports the finding of the board, and that there was no violation of Special Rule 1, supra, by the claimant in this case.

(b) Did claimant violate General Rule 25, quoted supra, requiring all holes before being fired to be solidly tamped the full length of the hole? While the evidence as to who lit the fuse in this case is conflicting, we are of the opinion that it supports the board's eighth finding of fact to the effect that Benovic did the lighting; that Benovic was in charge of the entire firing operation; and that the claimant, by bringing up the tamping dummies, was merely assisting Benovic.

If the appellants are correct in their contention that the claimant violated Special Rule 1, supra, or General Rule 25, supra, he thereupon took himself out of the course of his employment, and his injuries are not compensable. The board found in its ninth finding of fact that the claimant did not violate the provision of Special Rule 1, Article 25, Act of June 9, 1911, P. L. 756; and that he was not particeps criminis to the acts and conduct of Benovic whom he tried to assist. The find-

ings are supported by competent proof, and hence are conclusive: Callihan v. Montgomery, supra. The burden was upon the defendant to prove by a clear preponderance of the evidence that the claimant received his injuries in the commission of an act in direct violation of the law: Parkins v. Hillman C. & C. Co., 114 Pa. Superior Ct. 358, 362, 174 A. 784; Gima v. Hudson Coal Co., supra; Labuck v. Mill Creek Coal Co., supra. The testimony discloses no such proof.

Upon an examination of all of the testimony, we are of the opinion that the board was warranted in finding that the claimant did not violate the law at the time he was injured, and that the injury occurred in the course of his employment.

The assignments of error are overruled, and the judgment of the court below is affirmed.