## Commonwealth v. Petkewicz et al.

*Leon Schwartz*, district attorney, and *Nathan Hyman*, assistant district attorney, for Commonwealth.

*Donald S. Mills*, for defendants.

PINOLA, J.; June 4, 1951.—Defendants stand charged by John D. Edwards, mine inspector, with having, on April 27, 1951, ridden upon a loaded car in slope no. 5 of the Huber Colliery in violation of Article XII, rule 16, of the Anthracite Mine Laws.

The testimony reveals that on the day in question these three men finished work early and together with Peter Wallace boarded a car which was loaded with wood to within 14 inches of the top.

William Petkewicz was on the rear of the car, and the other three rode the front bumper and the rope. As the car neared the top of the slope it became derailed and Wallace was thrown off and killed.

Rule 16 of article XII provides:

"No person shall ride upon or against any loaded car, cage or gun-boat in any shaft, slope or plane in or about a mine or colliery."

Counsel for defendants contends, first, that by "loaded car" the legislature intended a car loaded with coal, and second, the Commonwealth had failed to make out a case because it had not shown that the rules had been posted in and about the colliery as required.

Rule 54 of article XII, as amended by the Act of May 18, 1949, P. L. 1466, 52 PS §297, provides as follows:

"For the purpose of making known the rules and the provisions of this act to all persons employed in or about such mine or colliery to which this act applies, a copy of the law in pamphlet form shall be posted in some conspicuous place or places at or near the mine

or colliery, where it may be conveniently read by the persons employed, and so often as the same becomes obliterated or destroyed the owner, operator or superintendent shall cause it to be renewed with all reasonable dispatch. Any person who pulls down, injures or defaces such copy of the law when posted up in pursuance to the provisions of this act, shall be guilty of an offense against this act."

While all three defendants have worked in and about the mines for many years and they should know the rules, as the court pointed out in Labuck v. Mill Creek Coal Co., 292 Pa. 284, in a criminal prosecution the court is bound to discharge defendants where there is a "failure to prove the essential requisites of the Act of Assembly."

In that case, a workmen's compensation case, the employer had failed to prove that the rules had been posted as required by rules 54 and 29, dealing specially with the handling of explosives.

While the two mine inspectors who testified declared that they saw a copy of the rules in the office of the company several days after the date of the accident, no one testified that on that day the rules were posted anywhere at the colliery.

Accordingly, we are required to discharge defendants.

In passing, we might say that, in our opinion, when the legislature prohibited riding on a loaded car it recognized the danger to a person riding upon a car which was loaded regardless of the material contained therein. The danger arose from the position of the rider outside of the car itself. Such being the case, the nature of the contents is immaterial.

Under the circumstances, now June 4, 1951, we adjudge defendants "not guilty", the county to pay the costs.