## Commonwealth ex rel. *v.* Elliott, Appellant.

*Public officers — Borough councilman — Removal from office — Participation in profits of contract—Act of May 28, 1907, P. L. 262—Boroughs.*

1. Where a member of a borough council does work for his brother in painting a borough building which the brother has contracted to paint, he may, under the Act of May 28, 1907, P. L. 262, be ousted from his office, if it appears that he makes no denial whatever of having received pay for his services, and merely avers that he did the work to help his brother out, and that he was not his agent or employee.

Argued September 27, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 123, March T., 1927, by defendant, from order of C. P. Allegheny Co., April T., 1927, No. 1146, overruling demurrer to suggestion for quo warranto, and entering judgment of ouster, in case of Commonwealth ex rel. Samuel H. Gardner, District Attorney, v. R. M. Elliott. Affirmed.

Suggestion for quo warranto. Before DREW, J.
The opinion of the Supreme Court states the facts.
Judgment of ouster entered. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Stewart M. Cunningham,* for appellant, distinguished the cases cited by appellee.

*John C. McGinnis,* for appellee, cited: Com. ex rel. v. Harris, 248 Pa. 570; Com. ex rel. v. Egan, 234 Pa. 24; Com. v. Miller, 31 S. C. 309.

OPINION BY MR. JUSTICE FRAZER, November 28, 1927:
A writ of quo warranto was issued at the instance of the district attorney of Allegheny County to oust de-

fendant from his office as councilman of the Borough of Pitcairn, for alleged violation of provisions of the Act of May 28, 1907, P. L. 262, making it unlawful for a member of a borough council, or other officer, "to be in any way interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of, or any work to be done for, such borough." The material facts recited in the suggestion of the Commonwealth are, that defendant was duly elected, qualified and entered upon his duties as councilman of Pitcairn Borough; that a partnership in the paint contracting business existed between defendant and his brother, John A. Elliott; that the borough council, of which defendant was at the time a member, let a contract to John A. Elliott to paint a borough building, who employed and paid defendant to perform a part of the work, which was accordingly done by respondent while a member of the council, and for which service he received compensation from the contractor. In his answer respondent avers that since his election to the borough council he has not been interested in any way in the painting contracting business with his brother; that he has not been an agent or employee of his brother in any work on a borough contract, and admits that his brother, John A. Elliott, obtained a contract from the borough to paint a borough building, and that his brother, being unable to secure the services of a painter to do the graining, requested respondent, "to help him out"; that he complied with the request by doing the necessary graining covered by the contract, and in doing so worked thirty hours, "without any contract or arrangement for pay with the said John A. Elliott."

The record contains a number of assignments of error, the only questions, however, which we find necessary to discuss are,—was respondent paid for the work he performed under the contract referred to, while a member of council, and, if paid, was he therefore "interested," within the intent of the Act of 1907, in a borough con-

tract awarded to his employer by a borough council of which respondent was a member at the time the contract was let?

We reach the gist of this dispute in the following paragraph in the brief of argument of respondent's counsel:

"In the case at bar the defendant was not a partner, officer or agent of John A. Elliott. If he was anything, he was a casual or temporary employee, who may or may not have received compensation for his work. Assume that he did receive pay, did he violate the act?"

Accepting as true, as we do, on this motion for judgment of ouster, all averments in defendant's answer, let us see where they lead us. The provision of the Act of 1907 immediately governing this case reads:

"Nor shall such burgess, member of council, officer, agent or employee of any borough be a member of any partnership, or a stockholder or officer of any corporation, or an agent or employee of any individual, partnership or corporation, in any way interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of, or any work to be done for, such borough."

John A. Elliott, brother of defendant, was awarded by the borough council, of which defendant was at the time a member, a contract for painting a hose house, belonging to the municipality, and, as the answer of defendant discloses and admits, being unable to obtain the services of a painter to do the graining necessary, "requested" respondent to "help him out," which respondent did, giving thirty hours of his time and labor to the work. There is consequently no question as to the fact that defendant did perform an important share of the labor while a member of council, required by the contract. Was he paid for performing this labor? Counsel for respondent in his argument, as quoted above, allows us to at least assume he was paid for the work he performed. Nowhere either in defendant's an-

swer, or assignments of error, or in the brief of argument of his counsel, is there denial that he received pay for the work of graining, done at the hose house, to which he gave thirty hours of his time; and the only reference, worthy of consideration, which respondent makes to the situation suggested is found in his answer where he says, after admitting having done the graining, during a period of thirty hours, that he performed the work "without any contract or arrangement for pay with the said John A. Elliott." That averment is so obviously vague and intentionally evasive as to be utterly irreconcilable with any definite conclusion of the question, whether affirmative or negative. He does not deny even indirectly that he received compensation for the service rendered. He avers merely no formal contract or arrangement existed as to payment for his labor. Considering the close relationship between defendant and contractor, the kind of work done, and the short time for which he was employed, we may accept as true there was no such formal contract or arrangement. That in fact would naturally be a special transaction between the two brothers. The contractor solicited the councilman to do the graining work on the borough building to be painted under the former's contract. He complied, giving thirty hours of his time to the contract and afterwards accepted as pay a sum mutually satisfactory. If he had not received payment for his labor, it was the easiest thing in the world for defendant to say so. But not only has he not said so, but nowhere in the record is there ground to support a reasonable implication that no amount was paid him. Adopting the words of the learned trial judge, "We cannot overlook his failure to deny that he was actually paid for the work he did on the borough contract, and this, under the pleadings of this case, is a plain admission that he was actually paid by his brother for his work as a painter on a borough contract. The defendant has carefully

avoided answering the direct allegation that he was 'paid' for the work done."

Under the circumstances, we must conclude, he was in fact paid for the labor he performed while a member of the borough council. Did he violate the law of 1907? Defendant in his answer denies he was at that time an agent and employee of John A. Elliott in doing the work referred to. He might have been either, and, for the determination of this case, it does not matter which he was. He certainly was at the time a member of the borough council, and whether he worked for and received pay from the contractor as the latter's agent or employee, he violated the Act of 1907 which distinctly forbids any member of a borough council to be interested as "an agent or employee of any individual, partnership or corporation," in a contract for borough work. Respondent was thus clearly within that class of borough officers enumerated in the statute who are forbidden to have an interest in such contract. He assumed and appropriated to himself such an interest—a pecuniary interest—in the contract by accepting and performing labor, for pay, under it, thus receiving while a borough officer, benefits arising from a contract for work to be paid for out of the public funds. The pecuniary remuneration for labor so performed constituted the forbidden "interest" in that contract from which, as a borough officer, he profited. This is precisely what the law prohibits and which was enacted to protect the people from the frauds of their servants and agents. The record in this case discloses no fraudulent intent on the part of respondent; his participating in the performance of the contract was however a violation of the law, whether done innocently or not, and the assignments of error must be overruled.

Judgment affirmed at appellant's costs.