Waselinko, Appellant, *v.* Volpe Coal Company.

Argued March 1, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Roger J. Dever,* for appellant.

*Charles J. Bufalino,* for appellee.

OPINION BY KENWORTHEY, J., April 13, 1943:

The appeal in this workmen's compensation case turns primarily on the meaning of the word 'cut' in Article XII, Rule 55 of the Anthracite Mine Law of June 2, 1891, P. L. 176, 52 PS §294, which provides:

"No person or persons working in any coal mine or colliery shall cut any props or timbers while the same are in position to support the roof or sides."

Appellant, with a sledge hammer, knocked down a standing prop in defendant's mine in order to make it possible to move the pan line. The prop was in position to support the roof of the mine although there was some evidence that it was loose and, therefore, not bearing any weight. About five minutes after the prop was knocked down, a part of the roof, at the place where the prop had been, fell and injured appellant.

The compensation authorities made an award of compensation which, on appeal, was reversed.

Appellant concedes he is not entitled to compensation if he violated Rule 55, and if the violation of the rule was the proximate cause of his injury. See Act of June 21, 1939, P. L. 520 §1, 77 PS §431; *Gima v. Hudson Coal Co.*, 106 Pa. Superior Ct. 288, 161 A. 903, aff'd 310 Pa. 480, 165 A. 850. He contends he did not *cut* the prop; that the language of the law must be strictly construed and 'cut' means the severance by the use of a sharp-edged instrument, such as an ax or a saw.

But it is plain to us that 'cut' has a much broader meaning; that Rule 55 when properly construed prohibits the removal of a mine prop by any means whatever.[1] Any other construction would be absurd. The rule is a safety measure. And it is manifest that a mine roof, with the prop removed, is equally apt to fall down whether the prop is removed by knocking it down with a sledge hammer or by chopping it down with an ax. Moreover, the correct definition of 'cut' is not limited to severance by the use of a sharp instru-

---

[1] Except: "When it becomes necessary to remove any of the said props or timbers for the purpose of mining coal that may be supported by the same, to dislodge any of the said props or timbers it must be done by blasting."

ment. It also means to fell and: "In industry, to reduce by or as by removing a part." Webster's New International Dictionary. The word has many figurative uses and is one of broad meaning. See Webster's Dictionary of Synonyms.

There is likewise no merit in appellant's contention that, since before the prop was removed the roof had been tested by the miner who concluded it was safe, the removal of the prop was not the proximate cause of the collapse. The argument is somewhat ingenious. But it must give way to the plain, eloquent fact that immediately after the prop was cut the roof fell.

It is well settled that appellant's violation of the statute cannot be condoned on the ground he was acting under the direction of the miner. *Kozak v. Joseph Reilly Coal Company*, 141 Pa. Superior Ct. 413, 15 A. (2d) 531.

The judgment is affirmed.