Kolonik *v.* Hudson Coal Company, Appellant.

492

Argued March 3, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Francis D. Mahon,* for appellant.

*Roger J. Dever* submitted a brief for appellee.

OPINION BY DITHRICH, J., April 16, 1947:

The sole question involved in this appeal from an award of workmen's compensation is whether the violation of a statute and a positive order of an employer takes an employee out of the course of his employment where there is no causal connection between the violation and the accident.

Notwithstanding the rule in negligence cases—analogous to compensation cases in that both depend upon the happening of an accident—that violation of an act

of assembly is not always negligence per se, appellant would have us adopt a much more stringent rule in construing a provision of the Workmen's Compensation Act (which, being remedial legislation, must be given a liberal construction: *Ginther v. J. P. Graham Transfer Co. et al.*, 149 Pa. Superior Ct. 635, 27 A. 2d 712; *Vince v. Allegheny Pgh. Coal Co.*, 153 Pa. Superior Ct. 333, 33 A. 2d 788) and say that in every case regardless of whether it is the proximate or efficient cause of the accident, a violation of a rule of law ipso facto deprives a claimant or his representative of the right of compensation.

Section 301 of the act (77 P. S. 431), which contains a proviso "that no compensation shall be paid when the injury or death is intentionally self-inflicted," was amended June 21, 1939, P. L. 520, by adding thereto the words "or is *caused* by the employe's violation of law." (Emphasis added.)

The learned court below considered the amendment as "of vital importance in the decision of this case," but appellant urges upon us that the amendatory language is merely declaratory of the case law on the subject prior to the amendment. We are disposed to agree with appellant as to the declaratory nature of the amendment but not as the case law prior to its enactment. In *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 139 A. 192, the leading case on the subject, compensation was denied an employee who was guilty of a violation of the Anthracite Mine Act of 1891, P. L. 176, the same act that was violated by the claimant in this case. But in reversing the judgment of the court below and setting aside the order allowing compensation, the Supreme Court, at least inferentially, based its decision on the fact that the violation was the sole cause of the injury. It said, page 485, that the act of the employee ". . . was foreign to the employment . . . in that he was guilty of a violation of . . . the Anthracite Mine Act (such violation being *the sole cause* of his injury) . . ." (Emphasis added.) Had the Supreme Court been of the opin-

ion that every violation of a rule of law or positive order of an employer would ipso facto deprive an employee of the right of compensation as contended for by appellant, it is highly improbable that it would have considered it of sufficient importance to observe parenthetically that such violation was the sole cause of the injury if the mere violation itself would have been sufficient to take him out of the course of his employment.

When the legislature came to amend the act in 1939, it must be presumed to have intended the same construction, as adopted by the Supreme Court, to be placed upon the word "caused" when it declared that no compensation should be paid when the injury was caused by the employee's violation of the law. Article IV, §52, of the Statutory Construction Act of 1937, May 28, P. L. 1019, 46 PS 552, provides that "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: . . . (4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language;. . ." Cf. *Kinsman v. R. F. Post Company,* 152 Pa. Superior Ct. 67, 31 A. 2d 358.

It remains for us to determine whether the law as thus clearly established was properly applied to the facts in the instant case. The facts which were stipulated by the parties are as stated in the opinion of the court below: "The claimant [a company laborer] . . . was working with two others in building a cog. They found they needed some props for that purpose and went into the mine to procure them. Two cars were dropped down the slope and the car nearest the head of the slope was partly loaded with props. One of the men got in the empty car, one rode the bumper on the rear of that car and the claimant stood between the cars with one foot on the bumper of each. As the trip of cars was proceeding up the slope, two collars fell from the roof onto the

cars and the claimant was injured. These collars are pieces of timber which support the roof. What caused them to fall is not shown in the record."

Rule 16 of the Anthracite Mine Law, supra, is as follows: "No person shall ride upon or against any loaded car, cage or gunboat in any shaft, slope or plane in or about a mine or colliery." The referee made an award of compensation; the board reversed the referee; and on appeal to the Court of Common Pleas, the court reversed the board. We agree with the court below that ". . . the violation of Rule 16 did not cause the injury to the claimant and neither did the commission of the act which was in direct violation of law result in injury to the claimant. This claimant was injured because a collar fell from the roof. True, at the time he was injured he was riding a loaded trip, but he would have been injured if he were riding an empty trip or were walking along the track. There was absolutely no connection between the violation of the law and the injury to this claimant."

The instant case is clearly distinguishable on the facts from *Waselinko v. Volpe Coal Company,* 152 Pa. Superior Ct. 156, 31 A. 2d 444. There claimant was charged with the violation of Rule 55 of the Anthracite Mine Law which provides: "No person or persons working in any coal mine or colliery shall cut any props or timbers while the same are in position to support the roof or sides." In clear violation of the rule, claimant with a sledge hammer knocked down a standing prop in defendant's mine. The prop was in position to support the roof of the mine, and about five minutes after it was knocked down, part of the roof at the place where the prop had been fell and injured the claimant. He contended that in knocking down the prop he had not "cut" it and, therefore, had not violated the law. But this court, while recognizing the rule of law that an employee cannot be denied compensation for a violation of the law unless the violation is the proximate cause

of his injury, affirmed the judgment of the court below denying him compensation on the ground, page 157, "that Rule 55 when properly construed prohibits the removal of a mine prop by any means whatever."

And in *Hopwood v. Pittsburgh,* 152 Pa. Superior Ct. 398, 33 A. 2d 658, where claimant's husband, an orderly at Leech Farm, a tuberculosis hospital owned and operated by the City of Pittsburgh, had been drinking while on duty in violation of positive orders and died from accidental injuries, in affirming an award of compensation we held, page 405, that "The defendant in suggesting drinking while on duty, in violation of positive orders, as the *cause* of the accident, had the burden of proving it. Cf. Molek v. W. J. Rainey, Inc., 120 Pa. Superior Ct. 95, 181 A. 841; Robertson v. Rieder & Sons, 114 Pa. Superior Ct. 518, 174 A. 604. This burden was not met." (Emphasis added.)

Judgment affirmed.