Webber, Appellant, *v.* Midway Borough.

Argued April 12, 1965.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John F. Will, Jr.,* for appellant.

*Louis T. Katusin,* Special Assistant Attorney General, with him *Thomas E. Roberts,* Chief Counsel, and *Walter E. Alessandroni,* Attorney General, for State Workmen's Insurance Fund, appellee.

OPINION BY WRIGHT, J., June 17, 1965:

This is a workmen's compensation case.   The Referee made an award in favor of the claimant, and the Board affirmed.   The Court of Common Pleas of Washington County sustained the insurance carrier's appeal, and set aside the award.   The claimant has appealed to this court.

On May 10, 1961, John A. Webber was doing repair work on a public street in the Borough of Midway. He was injured while prying a large stone, and was disabled for a period of approximately fifteen weeks.

Midway is a borough of 1012 inhabitants, and Webber had served as a borough councilman for some twenty years. On March 6, 1961, Webber was employed by resolution of the borough council, for which he did not vote, to work as a supervisor on the borough streets. He was paid for this work at the rate of $1.75 per hour. An opinion was received from the borough solicitor that Webber's employment was legally proper. In its answer to Webber's claim petition, the State Workmen's Insurance Fund denied liability on the ground that Webber was an elected official of the borough, and was therefore ineligible under Section 104 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 P.S. 1 et seq.

Section 104 of the Act (77 P.S. 22) excludes elected officers of the Commonwealth or any of its political subdivisions from the definition of the term "employe". As pointed out by the Board, and conceded by the court below, this statutory provision is not a bar to Webber's recovery because he was injured while working as a laborer, not as a councilman. It is of course true, as stated by the lower court, that The Borough Code provides that no borough official shall be interested in any contract for work to be done in the borough involving the expenditure of more than $600.00 in any year,[1] and that the contract in question placed no restriction upon the total amount of wages which Webber might receive. The insurance carrier also cites Section 1104 of the Code (53 P.S. 46104), which prohibits receipt of compensation by a councilman for certain services. We will assume for the purpose of argument that the mak-

---

[1] Act of May 4, 1927, P. L. 519, Section 1317, 53 P.S. 46317. It is interesting to note that The Second Class Township Code expressly authorizes the employment of township supervisors as superintendents or roadmasters, or as laborers. Act of May 1, 1933, P.L. 103, Section 514, 53 P.S. 65514.

ing of the contract violated the provisions of the Code. However, we do not agree with the court below that Webber was thereby excluded from consideration as an employe of the borough for the purpose of workmen's compensation.

A distinction must be drawn between a contract which is illegal in the sense that the making of the contract violates some statutory prohibition, and a contract which is illegal because it calls for the performance of acts which are in themselves violations of the law. The language in Section 301(a) of the Act (77 P.S. 431), which provides that no compensation shall be paid when the injury "is caused by the employe's violation of law", has been interpreted to apply only when there is a causal connection between the violation and the accident: *Kolonik v. Hudson Coal Co.,* 160 Pa. Superior Ct. 491, 52 A. 2d 384. And see *Walker v. Nu-Car Carriers,* 164 Pa. Superior Ct. 246, 63 A. 2d 484. There was nothing unlawful with respect to the manner in which Webber was doing his work in the instant case, and there was no causal connection whatever between illegality in the employment contract and the injury which Webber received.

The cases of *Commonwealth ex rel. Whitehouse v. Harris,* 248 Pa. 570, 94 A. 251, and *Commonwealth ex rel. Gardner v. Elliott,* 291 Pa. 98, 139 A. 626, cited by the insurance carrier, involved quo warranto proceedings and do not control the instant factual situation. Also cited, and largely relied upon by the court below, is *Walcofski v. Lehigh Valley Coal Co.,* 278 Pa. 84, 122 A. 238. However, that case was decided, not on the ground that Walcofski's original contract of employment was illegal, but on the ground that Walcofski severed his employment relationship when he openly defied a statute, as well as his employer's positive order, by entering a gaseous portion of the employer's mine which had been marked as a danger zone.

468

Order reversed, and the record is remanded for the entry of judgment on the award.